## SCHMIDT et al. v. WELCH et al.

### No. 15,136; December 30, 1893.

#### 35 Pac. 626.

**Trademark—Infringement.**—Where Labels Used on Bottles containing medicine manufactured by defendants in no respect resemble labels used by plaintiffs on bottles containing similar medicine put up by them, except that both labels have thereon the words "Sarsaparilla and Iron," plaintiffs are not entitled to an injunction or to damages.

27

APPEAL from Superior Court, City and County of San Francisco; F. W. Lawlor, Judge.

Action by Schmidt and others against Welch and others to recover damages for infringement of a trademark and for an injunction. From a judgment for plaintiffs and from an order denying a motion for a new trial, defendants appeal. Reversed.

James G. Maguire, E. S. Solomon and Henry Eickhoff for appellants; John L. Boone and Langhorne & Miller for respondents.

PATERSON, J.—The facts found by the court below in this case are in all respects the same as those found by the court in Schmidt v. Brieg (this day filed), 100 Cal. 672, 22 L. R. A. 790, 35 Pac. 623, except as to the amount of damages. A decree like the decree in the Brieg case was entered, the damages, however, being fixed in this case at $3,163.70. In the Brieg case we held that the plaintiffs were not entitled to the exclusive use of the words "Sarsaparilla and Iron" as a trademark, but that they were entitled to a decree restraining the defendants from selling or offering to sell any beverage under the label, exhibit "B," attached to the complaint therein, and to an affirmance of the judgment for damages and costs. Our decision in that case is based upon the finding of the court that the defendants, with intent to divert to themselves the business of the plaintiffs and the profits and gains thereof, and to deceive the public, had fraudulently prepared and sold an inferior article in imitation of the plaintiffs' beverage, and, with intent to deceive and defraud the public and injure and defraud the plaintiffs, had caused said inferior article to be put up in bottles and packages similar to those used by the plaintiffs for their article, and sold under labels, marks, and devices similar to the names, labels, marks, and devices used by the plaintiffs. The fraudulent acts complained of and found consisted in the unlawful and studied imitation of the plaintiffs' label under which the latter's beverage had been sold and become widely known as a valuable and useful beverage, and a source of great profit to them. In the case at bar, however, the defendants' label is in no respect similar to that used by the plaintiffs. With

the exception of the words "Sarsaparilla and Iron" there is nothing in defendants' label in form, design, or lettering similar to the plaintiffs' label. The larger label is diamond-shaped, with a flowery border, instead of the strong parallel lines found in the plaintiffs' border. There is no attempt to imitate the trademark in the upper portion of the plaintiffs' label nor the peculiar and uneven letters in the crescent-shaped label. The name of the manufacturer, "Pioneer Soda Works, S. F.," appears in large letters across the widest portion of the label. Unless we are prepared to hold, therefore, that the defendants are not entitled to put any paper labels upon their bottles, the finding of the court as to the effect of the defendants' label cannot be sustained. Inasmuch as the plaintiffs have no exclusive right to the use of the words "Sarsaparilla and Iron," we think it cannot be said that the use of the defendants' label is an infringement of the plaintiffs' label or in any manner fraudulent. Judgment and order reversed.

We concur: McFarland, J.; Garoutte, J.; Harrison, J.; Fitzgerald, J.